## In the Matter of Patrick M. SCHREMS, Respondent.

### No. 53S00–0901–DI–35.

Supreme Court of Indiana.

March 11, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** The parties stipulate to eight counts of misconduct involving five clients in criminal cases and three clients in bankruptcy cases. Respondent admits to repeated lack of communication with the clients, neglect of their cases, and noncooperation with the Commission in its investigation into client grievances. Respondent failed to inform two clients of an adverse appellate decision until the time for seeking rehearing or transfer had expired. Respondent's inadequate appellate briefing resulted in waiver of the only three issues raised in a criminal appeal. Respondent failed to return unearned fees to four clients. When one client told a judge in court that he had fired Respondent, Respondent told him to shut up and pushed him down into his chair, and then falsely denied that he pushed his client to the Commission.

Facts in aggravation are: (1) the vulnerability of Respondent's clients who were incarcerated; and (2) Respondent's disciplinary history, which includes an agreed public reprimand in 2006 and three actions to show cause for failure to cooperate with the Commission. Facts in mitigation are: (1) Respondent's mental health issues for which he has sought treatment; and (2) Respondent's cooperation with the Commission since the filing of its verified complaint.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.4(b): Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

1.5(a): Charging an unreasonable fee.

1.15(d): Failure to deliver promptly to a client funds the client is entitled to receive.

1.16(d): Failure to refund an unearned fee promptly.

8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer (battery).

**Discipline:** The parties propose the appropriate discipline is a six-month suspension without automatic reinstatement. The suspension the Court would impose for Respondent's serial misconduct would likely be longer had this matter been submitted without an agreement. We note, however, that regardless of the date on which Respondent is eligible to seek reinstatement, his petition would be granted only if he meets the most stringent requirements of proving by clear and convincing evidence that he can safely reenter the legal profession. *See* Admis. Disc. R. 23(4)(b). With this in mind, and in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline. If reinstatement is sought, it would likely be granted only with the involvement of and monitoring by the Indiana Judges and Lawyers Assistance Program.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning April 22, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding,

fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.